Milton **BOOTH**, doing business as the Booth Company, Plaintiff-Appellant,

v.

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY**, Illinois Bell Telephone Company, and Southwestern Bell Telephone Company, Defendants-Appellees.

No. 12167.

United States Court of Appeals
Seventh Circuit.

March 14, 1958.

Harry R. Booth, Chicago, Ill., Benjamin Black, Chicago, Ill., of counsel, for appellant.

Arthur R. Seder, Jr., Kenneth F. Burgess, Leslie N. Jones, Douglas F. Smith, Chicago, Ill., Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for defendants-appellees.

Before HASTINGS and PARKINSON, Circuit Judges and WHAM, District Judge.

PARKINSON, Circuit Judge.

This is an appeal from a judgment dismissing the amended complaint for failure of the plaintiff to exhaust his administrative remedies.

The amended complaint is in two counts with jurisdiction as to Count I predicated upon Title 47 U.S.C.A. § 207 and Title 28 U.S.C.A. § 1337, and as to Count II upon the latter section. Both counts show upon their face that diversity of citizenship is absent.

Count I is for damages, compensatory and punitive, and seeks refund for de-

fendants' alleged excessive charges and plaintiff's attorney fees. Count II is for an injunction, an accounting and charges unjust enrichment.

Count I alleges in substance that the defendants are public utilities subject to the jurisdiction of the Federal Communications Commission, hereinafter referred to as the FCC, as to certain phases of their interstate operations; that the plaintiff is a subscriber of their local and interstate toll service; that the FCC has not made any formal determination of the reasonableness of interstate telephone rates charged by the defendants; that since January 1955 the defendants have charged unreasonable and excessive rates; that the plaintiff and all other persons similarly situated have suffered and will continue to suffer damages on account of such excessive and unreasonable charges and that they have no remedy before the FCC.

Count II alleges in substance that the defendants, on August 27, 1953, filed with the FCC certain increased charges for interstate toll telephone service, to become effective on October 1, 1953, which were to produce additional revenues in the amount of $65,000,000 per year; that the FCC permitted the defendants to increase their rates on October 1, 1953 without a hearing; that defendants have earned far more than they represented to the FCC that they would earn and that the defendants have thereby unjustly enriched themselves.

The basic issue raised by the amended complaint is whether the rates charged by the defendants in accordance with the revised tariffs filed with the FCC are reasonable or unreasonable. If the rates are reasonable the plaintiff has no right of action under Count I because he has suffered no damages whatsoever and has no right of action under Count II because there could be no unjust enrichment. Of course, if the rates are unreasonable the contrary would be true.

■ Rate making is an administrative not a judicial function for "[t]o reduce the abstract concept of reasonableness to concrete expression in dollars and cents is the function of the Commission." Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 251, 71 S.Ct. 692, 695, 95 L.Ed. 912, or as the plaintiff phrases it in his brief "Congress enacted a law imposing upon the FCC the formal responsibility of determining just and reasonable long distance rates."

Title 47 U.S.C.A. § 207, upon which the plaintiff relies, is almost identical with the first sentence of Title 49 U.S.C.A. § 9. In construing the latter section the Supreme Court has clearly held that a shipper cannot file thereunder a proceeding in a district court where his claim for damages necessarily involves a question of reasonableness in rates calling for the exercise of the Commission's primary jurisdiction. Texas & Pacific Railway Company v. Abilene Cotton Oil Company, 1907, 204 U.S. 426, 442, 27 S.Ct. 350, 51 L.Ed. 553; United States v. Interstate Commerce Commission, 1949, 337 U.S. 426, 437, 69 S.Ct. 1410, 93 L.Ed. 1451.

■ We agree with the plaintiff that responsibility for determining just and reasonable long distance telephone rates is in the FCC. If he believes he has been damaged by having to pay telephone charges under a rate which is unreasonable or excessive Title 47 U.S.C.A. §§ 207–209 afford him a clear remedy before the FCC where his claim is cognizable in the first instance alone, with the right of judicial review as provided by Title 47 U.S.C.A. § 402.

■ The fallacy of plaintiff's argument that the FCC would refuse to act on his complaint is obvious in that he has never attempted to invoke that remedy. We cannot excuse his failure to exhaust his administrative remedies for the hopelessly inadequate reason given that the FCC will not properly exercise the authority provided by statute. We cannot "assume in advance that an administrative hearing may not be fairly conducted." Fahey v. Mallonee, 1947, 332 U.S.

245, 256, 67 S.Ct. 1552, 1557, 91 L.Ed. 2030.

 Plaintiff contends that if the District Court decided that the FCC was the proper authority to determine the reasonableness of defendants' rates then rather than dismissing the complaint the court should have retained jurisdiction and referred that matter to the Commission for its decision. There is no showing in the record before this court that such a motion was ever made by the plaintiff in the District Court. The defendants' motion to dismiss raised the question *in limine* and plaintiff was therefore properly put upon notice.

As we have heretofore said the core issue raised by the amended complaint is whether or not the rates charged by the defendants are just and reasonable. All else is ancillary thereto. The prime issue is cognizable in the first instance by the FCC alone. The rates charged by the defendants were pursuant to a schedule filed with the FCC which became effective on October 1, 1953. They were not fixed by the FCC after a hearing. Accordingly the FCC is not estopped from making a determination as to whether the rates charged were reasonable or unreasonable and if unreasonable order reparation payments thereby granting full and complete relief if warranted.

As the Supreme Court said in a comparable situation in Far East Conference v. United States, 1952, 342 U.S. 570, 577, 72 S.Ct. 492, 495, 96 L.Ed. 576:

> "We believe that no purpose will here be served to hold the present action in abeyance in the District Court while the proceeding before the Board and subsequent judicial review or enforcement of its order are being pursued. A similar suit is easily initiated later, if appropriate. Business-like procedure counsels that the Government's complaint should now be dismissed, * * *."

The District Court was correct in dismissing the amended complaint and the judgment is affirmed.